# APPENDIX.

## NOTES OF CASES NOT OTHERWISE REPORTED.

### CLERMONT NATIONAL BANK v. MARTIN ET AL.

PROMISSORY NOTE: FAILURE OF CONSIDERATION: INSTRUCTIONS.

*Appeal from Fremont Circuit Court.*

WEDNESDAY, DECEMBER 7, 1880.

ACTION upon a promissory note. There was a verdict and judgment for defendants; plaintiff appeals.

*Stow & Hammond*, for appellant.

*Read & Ellis*, for appellees.

BECK, J.—I. The note is payable to W. W. Smith, and was by him indorsed to plaintiff.

The defendants in their answer set up failure of consideration and allege that, by an agreement between defendants and Smith, the note was not to be paid unless Smith was compelled to pay a certain draft made by him for the amount of the note, which has not been paid, but has been secured by defendant Martin. It is alleged that the paper was transferred to plaintiff after its maturity.

There was evidence on the part of defendants tending to show that Martin had purchased of Smith, who was a banker, a draft for $500, which was fraudulently and without consideration obtained from him by other parties. He notified Smith of the fact, who agreed to refuse payment upon the paper. Suit was brought on the draft and the note in suit was given to secure and protect Smith in case he had to pay the debt. No money was paid on the note. Judgment was rendered on the note and Martin procured security for the supersedeas of the judgment upon appeal under an agreement between

the parties that Smith should give up the note when such security was given. Smith is insolvent and the judgment has not been paid.

The evidence of plaintiff tends to prove that when defendants executed the note Smith paid him $500, with an understanding that if the holder of the draft recovered judgment, Martin was to pay the note, otherwise the note was to be void.

II. The instructions given to the jury present the law as applicable to the respective theories of the parties with reasonable clearness. They substantially cover the same points presented in instructions asked by plaintiff.

III. The plaintiff's counsel complain of the third instruction, on the ground it holds that if Smith paid the judgment plaintiff can recover. But this rule, it is expressly announced, is applicable in case it be found that the agreement between the parties was to the effect that Martin was liable only in case Smith paid the note.

IV. The fifth instruction is assailed on the ground that it is not applicable to the evidence. It directs the jury that if the note was, under the agreement of the parties, to be surrendered to Martin upon his furnishing other security and such security was furnished, plaintiff cannot recover. The instruction aims to enforce the agreement of the parties. But counsel for plaintiff say there was no evidence that other security was given. In this they are mistaken. There was evidence tending to prove that the parties agreed that the note should be void if Martin should furnish the supersedeas bond upon the appeal. The evidence tends to show that the parties regarded the security upon the appeal as security to Smith, and agreed accordingly. The instruction enforces their agreement and nothing more.

V. There is no ground to disturb the verdict as not being sufficiently supported by the evidence.

No other questions are presented in the case.

AFFIRMED.